IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEDRICK RILEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THE CITY OF RICHMOND, et al.,<br><br>　　　　Defendants.　　　　　　　／ | No. C 13-4752 MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, STAY, AND/OR STRIKE; DISMISSING FIRST AMENDED COMPLAINT; AFFORDING PLAINTIFF LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE** |

　　　　Before the Court is the "Motion to Dismiss First Amended Complaint, Stay Proceedings, and/or Strike Pleadings," filed February 7, 2014 by defendants City of Richmond and Chief of Police Christopher Magnus.  Plaintiff Dedrick Riley has filed opposition, to which defendants have replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court hereby rules as follows:[1]

　　　　1.  The First Cause of Action, by which plaintiff alleges racial discrimination in violation of Title VII, is subject to dismissal, for the reason that plaintiff fails to sufficiently identify any adverse employment act occurring in the period alleged, "from July 28, 2012 to the present" (see First Amended Complaint ("FAC") ¶ 15), assertedly motivated by racial discrimination; plaintiff's conclusory reference to denials of unspecified "transfers and better assignments" (see FAC ¶ 41) is insufficient as a matter of law to provide notice to

---

[1] By order filed March 11, 2014, the Court took the matter under submission.

defendants as to the basis for any challenged adverse employment act.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (holding plaintiff sufficiently alleges Title VII claim by providing "fair notice of what [his] claims are and the grounds upon which they rest"; finding plaintiff provided "fair notice" of age and national origin discrimination claim where "complaint detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination").  The claim is additionally subject to dismissal for failure to allege any facts to support a finding that plaintiff was qualified for any such transfer or assignment. See Lyons v. England, 307 F.3d 1092, 1112 (9th Cir. 2002) (setting forth elements of prima facie discrimination claim, including plaintiff's "qualifi[cation] for an available position").

    2.  The Second Cause of Action, by which plaintiff alleges harassment in violation of Title VII, is subject to dismissal for the reason that plaintiff fails to allege facts to support a finding that at any time "from July 28, 2012 to the present" (see FAC ¶ 15) plaintiff was subjected to "severe or pervasive and unwelcome verbal or physical harassment because of a plaintiff's membership in a protected class."  See Sischo-Nownejad v. Merced Cmty. Coll. Dist., 934 F.2d 1104, 1109 (9th Cir. 1991) (setting forth elements necessary to establish claim of hostile work environment).[2]

    3.  The Third Cause of Action, by which plaintiff alleges retaliation in violation of Title VII, is subject to dismissal.  To the extent the claim is based on the allegation that plaintiff was denied "transfers and better assignments" (see FAC ¶ 41), the claim, for the reasons stated above with respect to the First Cause of Action, fails to provide the requisite fair notice.  To the extent the claim is based on the allegation that a captain advised plaintiff in or after September 2013 that he could no longer earn overtime "perform[ing] background checks" (see FAC ¶ 40), the claim fails to allege sufficient facts to support a finding that a causal link exists between such decision and plaintiff's having "filed a lawsuit" (see id.), in

---

[2]Although the FAC includes "instances of the racially harassing conduct which [p]laintiff experienced, witnessed, or otherwise learned" (see FAC ¶¶ 20-29, 39), all said events are alleged to have occurred before July 28, 2012 (see FAC ¶ 19, 27, 29, 30, 39).

that plaintiff's lawsuits were filed a number of years earlier, in 2007 and 2010 (see Defs.' Req. for Judicial Notice, filed February 7, 2014, Exs. D, G).  See Manatt v. Bank of America, N.A., 339 F.3d 792, 803 (9th Cir. 2003) (holding nine-month period between protected activity and adverse employment act insufficient to support inference of causality).

      4. The Fourth Cause of Action, by which plaintiff alleges racial discrimination in violation of 42 U.S.C. § 1981, is subject to dismissal for the reasons stated above with respect to the First Cause of Action.  Additionally, the claim is subject to dismissal for the reason that, although plaintiff alleges his employment is governed by a "Union contract" (see FAC ¶ 30), plaintiff fails to identify a contractual right of which he was deprived by defendants during the period "from July 28, 2012 to the present" (see FAC ¶ 15).  See Domino's Pizza v. McDonald, 546 U.S. 470, 476 (2006) (holding "[a]ny claim brought under § 1981 . . . must initially identify an impaired contractual relationship under which the plaintiff has rights") (internal quotation and citation omitted).

      5. The Fifth Cause of Action, by which plaintiff alleges retaliation in violation of 42 U.S.C. § 1981, is subject to dismissal for the reasons stated above with respect to the Third Cause of Action, and because plaintiff fails to identify a contractual right of which he was deprived during the above-referenced period.

      6. The Sixth Cause of Action, by which plaintiff alleges retaliatory and malicious prosecution in violation of 42 U.S.C. § 1983, is subject to dismissal for the reason that plaintiff fails to plead sufficient facts to support a finding that the prosecutor lacked probable cause to bring the criminal action filed against him in 2010.  See Hartman v. Moore, 547 U.S. 250, 252 (2006) (holding "want of probable cause must be alleged and proven" where plaintiff alleges retaliatory prosecution); Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995) (holding claim of malicious prosecution requires showing plaintiff was "prosecuted without probable cause").  Plaintiff's conclusory allegations that "the case lacked probable cause for prosecution" (see FAC ¶ 35) and that defendants "provided misinformation" to and "concealed exculpatory evidence" from the prosecutor

(see FAC ¶ 82), are insufficient as a matter of law. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding "recitals of the elements of a cause of action supported by mere conclusory statements do not suffice" to state valid claim for relief; further holding courts are "not bound to accept as true a legal conclusion couched as a factual allegation"); cf. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126-27 (9th Cir. 2002) (holding plaintiff provided sufficient facts to state claim for malicious prosecution, where plaintiff identified false statements defendant allegedly provided to prosecutor that were material to prosecutor's finding of probable cause).

      7. Because each of plaintiff's six causes of action is subject to dismissal, the Court does not address herein defendants' alternative arguments that the instant case should be stayed in favor of a pending state law action and that certain portions of the FAC should be stricken.

**CONCLUSION**

For the reasons stated above, defendants' motion is hereby GRANTED as follows:

      1. The First Amended Complaint is hereby DISMISSED, with leave to amend.

      2. Any Second Amended Complaint shall be filed no later than April 4, 2014. In any Second Amended Complaint, plaintiff may amend to cure the deficiencies noted above but may not add new causes of action or new defendants without first obtaining leave of court. See Fed. R. Civ. P. 15(a)(2).

      3. The Case Management Conference is hereby CONTINUED from April 25, 2014 to June 20, 2014. A Joint Case Management Statement shall be filed no later than June 13, 2014.

**IT IS SO ORDERED.**

Dated: March 18, 2014

                                                   MAXINE M. CHESNEY
                                                   United States District Judge