IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEDRICK RILEY,

    Plaintiff,

v.

THE CITY OF RICHMOND, et al.,

    Defendants.

No. C-13-4752 MMC

**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT; VACATING AUGUST 21, 2015 HEARING AND FURTHER STATUS CONFERENCE; VACATING PRETRIAL CONFERENCE AND TRIAL DATES; DIRECTING PARTIES TO FILE JOINT STATUS REPORT**

Before the Court is the "Motion for Partial Summary Judgment on Fifth Cause of Action," filed July 17, 2015, by defendants City of Richmond ("the City") and Chief of Police Christopher Magnus ("Chief Magnus"). Plaintiff Dedrick Riley ("Riley") did not file opposition,[1] which defendants noted in an August 7, 2015, filing titled "Statement of Non-Receipt of Opposition to Defendants' Motion for Partial Summary Judgment." Having read and considered the papers filed in support of the motion, the Court finds the matter suitable for determination on the moving papers, VACATES the hearing scheduled for August 21, 2015, and rules as follows.

## BACKGROUND

By the instant motion, defendants seek summary judgment on the Fifth Cause of

---

[1] Under the Local Rules of this District, any opposition was due no later than July 31, 2015. See Civil L.R. 7-3(a).

Action, titled "Deprivation of Rights Under Color of Law (42 U.S.C.A. § 1983)." The Fifth Cause of Action is based on a theory that Chief Magnus wrongfully caused Riley, a police officer, to be prosecuted. Specifically, Riley alleges that, on March 7, 2009, he and Officer Anthony Diaz ("Officer Diaz") encountered a "suspect" to whom "force was applied" that was not "excessive" (see Third Amended Complaint ("TAC") ¶ 36), but Chief Magnus nonetheless "directly solicited the District Attorney's office to criminally prosecute [Riley] for assault and battery and other charges arising out of the . . . March 7, 2009 incident" (see TAC ¶ 44), and "exerted pressure on [a] Deputy District Attorney to pursue the prosecution as a personal political favor" (see TAC ¶ 116). Riley alleges Chief Magnus did so due to "racial animus" and to retaliate for Riley's having "[spoken] out about the [d]efendants' unlawful employment practices." (See TAC ¶ 118.) Riley further alleges the District Attorney ultimately "capitulated" and "brought the charges" (see TAC ¶ 44), after which he was acquitted (see TAC ¶ 45).

## LEGAL STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a "court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a).

The Supreme Court's 1986 "trilogy" of Celotex Corp. v. Catrett, 477 U.S. 317 (1986), Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986), requires that a party seeking summary judgment show the absence of a genuine issue of material fact. Once the moving party has done so, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." See Celotex, 477 U.S. at 324 (internal quotation and citation omitted). "When the moving party has carried its burden under Rule 56[ ], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. "If the

1 [opposing party's] evidence is merely colorable, or is not significantly probative, summary
2 judgment may be granted." Liberty Lobby, 477 U.S. at 249-50 (citations omitted).

## DISCUSSION

To establish Chief Magnus' liability for malicious prosecution, Riley must show Chief Magnus, maliciously and without probable cause, "wrongfully caused the charges to be filed," see Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004), by "induc[ing] the prosecutor to bring charges that would not have been initiated without his urging," see Hartman v. Moore, 547 U.S. 250, 262 (2006). To establish the City's liability for malicious prosecution, Riley must show, inter alia, that Chief Magnus wrongfully caused the criminal charges to be filed against Riley. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (holding municipal liability claim fails where its employees "inflicted no constitutional harm").[2]

Defendants argue they are entitled to summary judgment because Chief Magnus did not cause the criminal charges to be filed against Riley. In support thereof, defendants offer evidence that (1) the matter was investigated by Deputy District Attorney Barry Grove ("Grove") who, with the assistance of two Senior Inspectors in the District Attorney's Office, Paul Mulligan ("Mulligan") and Jay Clark ("Clark"), interviewed (a) Donald Stewart, who was the person to whom force had been applied, (b) Officer Diaz, who was present when the force was applied, (c) two other officers, Officer Loucas and Sergeant Barragan, who arrived at the scene after force was applied, and (d) Sergeant Mitch Peixoto, who was the patrol sergeant on the night of the incident (see Grove Decl. ¶¶ 3-5); (2) Grove thereafter discussed the case with Contra Costa District Attorney, Robert Kochly ("Kochly"), who "made the decision to file a criminal complaint" against Riley (see Kochly Decl. ¶ 5); and (3) neither Grove nor Kochly spoke to Chief Magnus about the case, and no one in the District Attorney's Office other than Kochly, Grove, Mulligan and Clark had any involvement in the decision to prosecute Riley (see Grove Decl. ¶¶ 7-8; Kochly Decl. ¶¶ 3, 6, 8).

---

[2] Riley does not allege that any City employee other than Chief Magnus wrongfully caused the criminal charges to be filed.

3

As noted above, Riley did not file opposition to the instant motion, and, consequently, the evidence offered by defendants is not disputed. As defendants' unrebutted evidence establishes Chief Magnus' lack of involvement in the Contra Costa District Attorney's Office's decision to file criminal charges against Riley, the Court finds both Chief Magnus and the City are entitled to summary judgment on the Fifth Cause of Action. See Celotex, 477 U.S. at 322-24.[3]

**CONCLUSION**

For the reasons stated above, defendants' motion is hereby GRANTED.

The remaining claims in the TAC have been stayed, pursuant to the Court's order of October 9, 2014, in light of a pending state court action Riley has filed against the City. Under such circumstances, the August 21, 2015 Further Status Conference, the October 27, 2015 Pretrial Conference, and the November 9, 2015 trial dates are hereby VACATED.

Lastly, the parties are hereby DIRECTED to file, no later than November 20, 2015, a Joint Status Report, to apprise the Court as to the status of Riley's pending state court action against the City.

**IT IS SO ORDERED.**

Dated: August 18, 2015

MAXINE M. CHESNEY
United States District Judge

---

[3] In light of this finding, the Court does not address the additional arguments raised by defendants in support of the instant motion.

4