IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEDRICK RILEY,

    Plaintiff,

  v.

THE CITY OF RICHMOND, et al.,

    Defendants.

No. C-13-4752 MMC

**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT; VACATING HEARING**

    Before the Court is "Defendants' Motion for Judgment as a Matter of Law – FRCP 12(c)," filed March 4, 2016, by defendants City of Richmond ("City") and Chief of Police Christopher Magnus ("Chief Magnus"). Plaintiff Dedrick Riley has not filed opposition.[1] Having read and considered the papers filed in support of the motion, the Court deems the matter suitable for determination thereon, VACATES the hearing scheduled for April 8, 2016, and rules as follows.

## BACKGROUND

    Plaintiff is employed by the City as a police officer. In the operative complaint, the Third Amended Complaint ("TAC"), plaintiff alleges five causes of action. The remaining

---

[1] Any opposition was due no later than March 18, 2016. See Civil L.R. 7-3(a) (providing opposition "must be filed and served not more than 14 days after the motion was filed").

1 claims are asserted in the First through Fourth Causes of Action.[2]  In the First and Third
2 Causes of Action, plaintiff alleges that requests he made "[t]hroughout 2012 and 2013" for
3 "transfers and better assignments" were denied on account of his race (see TAC ¶¶ 50, 66,
4 80), in violation of Title VII and 42 U.S.C. § 1981, respectively.  In the Second and Fourth
5 Causes of Action, plaintiff alleges the denial of his requests for transfers and reassignments
6 were in retaliation for his having engaged in protected activities (see TAC ¶¶ 50, 74, 94),
7 likewise in violation of Title VII and § 1981, respectively.

8 As set forth in the Court's order of October 9, 2014, plaintiff previously filed in state
9 court an action against the City, specifically, Riley v. City of Richmond, Case No. 10-02843.
10 As explained in said order, plaintiff alleged, in the operative complaint in the state court
11 action, that the requests he made "[t]hroughout 2012 and 2013" for "transfers and better
12 assignments" were denied on account of his race and in retaliation for protected activities,
13 in violation of California's Fair Employment and Housing Act ("FEHA").  (See Order, filed
14 October 9, 2014, at 3:23 - 4:6.)

15 On September 14, 2015, the state court granted the City's motion for summary
16 judgment, finding the City had "demonstrated legitimate, nondiscriminatory/non-retaliatory
17 reasons for its decisions" and that plaintiff had failed to offer any evidence to support a
18 finding that the City's reasons were a "pretext."  (See Defs.' Req. for Judicial Notice Ex. K
19 at 4:16, 4:19-27, 5:24-25, 7:14-20.)[3]  Later that same date, a judgment in favor of the City
20 and against plaintiff was entered in the state court action.  (See id. Ex. L.)
21 //
22 //
23

---

[2] By order filed August 18, 2015, the Court granted summary judgment in favor of defendants on the Fifth Cause of Action.

[3] Defendants' unopposed request that the Court take judicial notice of certain filings in the state court action is hereby GRANTED.  See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (holding, for purposes of motion to dismiss under Rule 12(b)(6), "court may take judicial notice of matters of public record") (internal quotation and citation omitted); Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989) (holding Rule 12(c) and Rule 12(b)(6) motions are "functionally identical").

2

**DISCUSSION**

Defendants seek judgment on the pleadings, arguing that, in light of the entry of judgment in the state court action and the findings made by the state court in the course of those proceedings, the First through Fourth Causes of Action are barred by the doctrines of claim preclusion and issue preclusion.[4]

A federal court must "afford the same full faith and credit to state court judgments that would apply in the State's own courts." See Kremer v. Chemical Construction Corp., 456 U.S. 461, 462-63 (1982). The Court thus looks to California law in determining whether the First through Fourth Causes of Action would be barred by the doctrines of claim and/or issue preclusion if those claims had been brought in the California courts. See id.

**A. Claim Preclusion**

Under California law, a "valid final judgment on the merits in favor of a defendant serves as a complete bar to further litigation on the same cause of action." See Slater v. Blackwood, 15 Cal. 3d 791, 795 (Cal. 1975). For purposes of claim preclusion, a "'cause of action' is based upon the harm suffered, as opposed to the particular theory asserted by the litigant." See id. Consequently, "a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different legal ground for relief [in the second action]." See id.

In his state court action, plaintiff alleged the same injury to the same right as is at issue in the instant action, specifically, plaintiff's right to be free from racial discrimination and retaliation with respect to the City's consideration of his requests in 2012 and 2013 for transfers and reassignments. The only differences between the two actions are that:

---

[4]The question of preclusion is appropriate for consideration on a motion for judgment on the pleadings, given defendants' motion is based on documents as to which judicial notice is appropriate, specifically, the operative complaint in the state court action, the state court's order granting summary judgment, and the state court's entry of judgment. See, e.g., Clark v. Yosemite Community College Dist., 785 F.2d 781, 785-88 (9th Cir. 1986) (affirming entry of judgment on the pleadings as to § 1983 claim alleged in federal complaint, after reviewing record in earlier state court proceeding).

1 (1) plaintiff seeks relief here under federal statutes prohibiting racial discrimination and
2 retaliation, whereas he sought relief in state court under a state statute, and (2) with
3 respect to his retaliation claims, plaintiff seeks relief here against both the City and Chief
4 Magnus, whereas he only sought relief in state court against the City.  The first distinction
5 is, as discussed above, immaterial to the Court's determination with respect to claim
6 preclusion.  See Slater, 15 Cal. 3d at 795.  The second distinction likewise does not suffice
7 to avoid claim preclusion, given plaintiff's allegation in the state court action that Chief
8 Magnus was the employee who engaged in the assertedly retaliatory conduct.  (See Defs.'
9 Req. for Judicial Notice Ex. C ¶¶ 19-25, 27, 40-41); Spector v. El Ranco, Inc., 263 F.2d
10 143, 145 (9th Cir. 1959) (holding where "relations between the two parties are analogous to
11 that of principal and agent, the rule is that a judgment in favor of either, in an action brought
12 by a third party, rendered upon a ground equally applicable to both, is to be accepted as
13 conclusive against the plaintiff's right of action against the other"); City of Los Angeles v.
14 Superior Court, 85 Cal. App. 3d 143, 154–55 (1978) (holding judgment entered in prior
15 action against plaintiff and in favor of municipality's employees was bar to second action
16 plaintiff brought against municipality based on conduct of same employees).

17 Accordingly, the First through Fourth Claims are barred by the doctrine of claim
18 preclusion.

19 **B. Issue Preclusion**

20 Under California law, an issue decided in a prior action may not be relitigated in a
21 second action, where (1) "the issue decided in the prior adjudication [was] identical with the
22 one presented in the [second] action," (2) a "final judgment on the merits" was entered in
23 the first action, and (3) "the party against who the [defense of issue preclusion] is asserted
24 [was] a party or in privity with a party in the prior adjudication."  See Bernhard v. Bank of
25 America Nat'l Trust & Savings Ass'n, 19 Cal. 2d 807, 813 (1942).

26 Each of the above-listed three requirements is met here.  First, as set forth above,
27 the state court determined that the City proffered legitimate, nondiscriminatory and non-
28 retaliatory reasons for denying plaintiff's requests for transfers and reassignments and that

plaintiff lacked evidence to show such denials were pretextual in nature; those issues, decided by the state court, are identical to issues that are presented in plaintiff's federal discrimination and retaliation claims. See Tarin v. County of Los Angeles, 123 F.3d 1259, 1263 n.2 (9th Cir. 1997) (holding "test for determining whether there is discrimination under Title VII applies to FEHA claims as well"); Flait v. North American Watch Corp., 3 Cal. App. 4th 467 (1992) (holding FEHA retaliation claims "are evaluated under federal law interpreting Title VII cases"). Second, a judgment on the merits was entered in state court. Third, plaintiff was a party to that prior action.

Accordingly, the issue of whether the City's denial of plaintiff's requests for transfers and reassignments was discriminatory or retaliatory having been decided against plaintiff in the prior action, and said determinations having equal applicability in the instant action, the First through Fourth Causes of Action are barred by the doctrine of issue preclusion.

## CONCLUSION

For the reasons stated, defendants' motion for judgment is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: March 23, 2016

MAXINE M. CHESNEY
United States District Judge